# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HADEER SHAMOUN,<br><br>                     Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>                     Respondent. | Case No.: 20-CV-1025 JLS (AHG)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner Hadeer Shamoun, proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. *See generally* ECF No. 1 ("Pet."). He has paid the $5.00 filing fee. *Id.*

## **FAILURE TO NAME A PROPER RESPONDENT**

Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id.*

The warden is the typical respondent; however, "the rules following section 2254 do not specify the warden." *Id.* "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in

charge of state penal institutions.'" *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note).  If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long-standing rule in the Ninth Circuit holds that "a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody.  The actual person who is [the] custodian [of the petitioner] must be the respondent." *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968).  This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court.  "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." *Ortiz-Sandoval*, 81 F.3d at 895.

Here, Petitioner has incorrectly named the "People of the State of California" as Respondent.  For this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Secretary of the California Department of Corrections and Rehabilitation. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

## **FAILURE TO STATE A COGNIZABLE CLAIM**

Further, upon review of the Petition, it appears to the Court that a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is not the proper vehicle for Petitioner's claims.  In grounds one and two, Petitioner claims his First Amendment rights were violated and that the Conditional Release Program did not properly update their forms, resulting in him being found in violation of the terms of his release. Pet. at 6–7.  In ground three, Petitioner alleges the judge at his probation revocation hearing was biased. *Id.* at 8.  Petitioner's claims are not cognizable on habeas because they do not challenge the constitutional validity or duration of confinement. *See* 28 U.S.C. § 2254(a); *Heck v. Humphrey*, 512 U.S. 477, 480–85 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. *See Preiser*, 411 U.S. at 488–500; *Nettles v. Grounds*, 830 F.3d 922, 934–35 (9th Cir. 2016). In *Nettles*, the Ninth Circuit held that the sole method for prisoners to challenge the fact of their conviction or the duration of their confinement was through a writ of habeas corpus, with other claims—if they are to be brought at all—to be brought via a civil rights complaint pursuant to 42 U.S.C. § 1983. *Nettles*, 830 F.3d at 934–35. Grounds one and two of the Petition do not attack the validity of Petitioner's conviction or the length of his confinement and are therefore not cognizable on habeas corpus review. *Id.* Ground three, in which Petitioner alleges the judge at his probation revocation hearing was biased, is also not cognizable on habeas corpus review because success with this claim would not necessarily lead to his release or a shorter period of confinement, but rather only a new probation hearing. *Id.*

## CONCLUSION

Based on the foregoing, the Court **DISMISSES WITHOUT PREJUDICE** this action. The Court notes that Petitioner has an open habeas corpus action in this Court in *Shamoun v. People of the State of California*, No. 20-CV-909 BAS (JLB) (S.D. Cal. filed May 14, 2020). Petitioner is advised to pursue any habeas corpus claims he may have in that case. If he wishes to pursue claims regarding the conditions of his confinement, he must file a new civil action pursuant to 42 U.S.C. § 1983, which will be given a new case number. The Clerk of Court **SHALL MAIL** Petitioner a blank 42 U.S.C. § 1983 civil rights complaint form and a blank Motion to Proceed in Forma Pauperis form together with a copy of this Order.

**IT IS SO ORDERED.**

Dated: June 10, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge